J-A15028-23

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| | : | |
| v. | : | |
| | : | |
| | : | |
| ZACHARIAS DEJENE | : | |
| | : | |
| Appellant | : | No. 662 WDA 2022 |

Appeal from the PCRA Order Entered May 6, 2022
In the Court of Common Pleas of Allegheny County Criminal Division at
No(s):  CP-02-CR-0013874-2018

BEFORE:   MURRAY, J., McLAUGHLIN, J., and COLINS, J.[*]

CCONCURRING STATEMENT BY COLINS, J.:     **FILED: DECEMBER 6, 2023**

I agree with my colleagues in their analysis of all the issues, save one, but nonetheless concur in the result. I write separately to warn trial courts about placing any burden whatsoever on a defendant with respect to an essential element of an offense.

In Appellant's second claim, he argues that the trial court's special instruction on consent as a defense improperly shifted the burden of proof of a required element of the offense onto him. Appellant's Brief, 30-31. The trial court initially instructed the jury in a manner consistent with the standard jury instruction on consent as a defense, Pa. SSJI(Crim) § 8.311B. N.T. 573-574. It then included its own restatement of the instruction that completely switched the burden of proof. It told the jury "it's the defendant's job to set

_____

[*] Retired Senior Judge assigned to the Superior Court.

up the defense. It is the Commonwealth's job to knock it down like a bowling pin." N.T. 574-575. I hope this was a well-intentioned ad-lib by the trial court, but it is clearly erroneous. There could be no reason for the trial court to give such a burden-shifting instruction or for counsel to decline to object to it as any curative instruction would have been to his client's advantage. **See Commonwealth v. Prince**, 719 A.2d 1086, 1091 (Pa. Super. 1998) (addressing a claim of ineffective assistance for failing to request a consent as a defense instruction – raised for the first time on appeal – and holding that there was arguable merit to the claim and no reasonable basis for declining to request the instruction).

Therefore, the only issue is prejudice. Here, the PCRA court granted a hearing on this particular claim of ineffective assistance, after which it denied the claim because "Petitioner did not address this at the evidentiary hearing and only presented argument on this claim, which was limited at best. Petitioner failed to satisfy his burden[.]" PCRA Findings and Order of Court, 34. Our review of an order denying a PCRA petition is limited to determining whether the record supports the PCRA court's findings and whether its decision is free of legal error. **Commonwealth v. Mason**, 130 A.3d 601, 617 (Pa. 2015). We must view the findings of the PCRA court and the evidence of record in a light most favorable to the prevailing party. **Id.** Counsel is presumed effective, and, among other things, "to overcome that presumption a PCRA petitioner must plead and prove that … counsel's action or inaction resulted in prejudice." **Id.** at 618.

My colleagues have found Appellant "cannot show that the statement caused him prejudice because he testified that the victim consented." Memorandum Decision, 15. I am unpersuaded by this reasoning because I believe it skips over the problem presented by the instruction given in light of our standard of review. By placing an erroneous burden on Appellant on a critical element of an offense, the instruction might have been understood by the jury to permit finding guilt based on perceived omissions in Appellant's testimony rather than on the strength of the Commonwealth's evidence. A detailed examination of the testimony at trial would be required to determine if under the circumstances there had been actual prejudice. *Prince*, 719 A.2d at 1091 (remanding for a first hearing on an ineffectiveness claim to determine whether consent as a defense jury charge "could … have made a difference"). *See also Commonwealth v. Walls*, 993 A.2d 289, 303 (Pa. Super. 2010) (remanding for a first PCRA hearing to prove a lack of reasonable basis and prejudice where there was arguable merit to allegation of trial counsel's failure to request a specific instruction on lack of consent).

As the PCRA court noted, however, Appellant, unlike Prince or Walls, had the opportunity to prove actual prejudice, but did not undertake to satisfy his burden. Moreover, unlike in *Prince* and *Walls*, the trial court here did give the standard specific instruction on consent. N.T. 573-574. More importantly, it stated, clearly and unambiguously, that the Commonwealth had to prove beyond a reasonable doubt and the jury had to find beyond a reasonable doubt that the alleged victim "did not give a legally effective consent." N.T. 574.

These repeated and correct statements of the burden of proof immediately preceded the court's erroneous statement that Appellant had to "set up" his consent defense. Under these circumstances, I believe the proper instructions ameliorated the prejudice that could have inured to Appellant from the erroneous instruction such that the jury would only have understood the court to have placed a burden on Appellant to raise consent as a defense, which he undoubtedly did. In the absence of any attempt to prove otherwise at the PCRA hearing, I would affirm the PCRA court's ruling that Appellant failed to prove counsel was ineffective. I decline to hold that he could not have done so.

Accordingly, I would affirm the PCRA court's Order denying Appellant's petition.